Tax Commission Employee — Private Tax Consultant The maintaining of taxpayer assistance limited to instructions on treatment and physical location in the return by Tax Commission during office hours, for taxpayers who may want to fill out their own returns, is not prohibited by 74 O.S. 1401 [74-1401] to 74 O.S. 1414 [74-1414] (1968). An employee of the Tax Commission, who regularly holds a position as auditor of taxpayer returns is prohibited from accepting employment or compensation for preparing, aiding, or acting as consultant to a taxpayer in the preparation of his state income tax returns. The Attorney General has had under consideration your letter of November 21, 1968, wherein you state the following facts and ask the following questions: "Title 74 O.S. 1401 [74-1401] — 74 O.S. 1414 [74-1414] (1968), commonly known as `The Oklahoma Code of Ethics for State Officials and Employees,' provides that certain acts by state employees are prohibited. "We request your opinion concerning the following situations that might arise: "1. The Oklahoma Tax Commission maintains taxpayer assistance during office hours for taxpayers who may want to fill out their own returns; however, this is limited to instructions on treatment and physical location in the return. Is this type of assistance permitted under the above referred to statute? "2. Would an employee of the Oklahoma Tax Commission who regularly holds a position as auditor of taxpayer returns be eligible to accept employment or compensation (outside office hours) for preparing, aiding, or acting as consultant to a taxpayer in the preparation of his tax returns?' O.S.L. 1968, ch. 401, Section 4 (74 O.S. 1404 [74-1404] (1968)), provides: "No state employee shall: "(a) Directly or indirectly accept any compensation, gift, loan, entertainment, favor, or service given for the purpose of influencing such employee in the discharge of his official duties. Provided, however, that this section shall not apply to bona fide campaign contributions; "(b) Use his official position to secure special privileges or exemptions for himself or others, except as may be provided by law; "(c) Disclose confidential information acquired by reason of his official position to any person, group, or others not entitled to receive such confidential information, nor shall he use such information for his personal gain or benefit; "(d) Sell or cause to be sold, either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or service to any state agency or to any business entity licensed by or regulated by the state agency, except as provided in Section 5(a) of this Act; "(e) Receive any compensation that would impair his independence of judgment, for his services as an officer or employee of any state agency, from any source other than the State of Oklahoma, unless otherwise provided by law; or "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." (Emphasis added) O.S.L. 1968, ch. 401, Section 5 (74 O.S. 1405 [74-1405] (1968)), provides: "No state agency shall: "(a) Enter into any contract with a state employee of the agency, or with a business in which such person shall have a substantial financial interest, unless the contract is made after public notice and competitive bidding; provided, that this subsection shall not apply to a contract of employment with the state; "(b) Enter into a contract with or make any ruling or take any action in favor of any person or business which is represented before such agency by a former state employee who, while a state employee, participated substantially in the particular matter before the agency; "(c) Purchase any real property from any employee of said state agency or from any person who within eighteen (18) months prior to such purchase held such position with the state government, unless the property is acquired either by condemnation proceedings or the price to be paid for such property is approved in writing by the head of the agency acquiring such property and by the Governor." We find no prohibition against the assistance referred to in your first question, provided this assistance is performed without charge to the taxpayer. It is therefore the opinion of the Attorney General that the maintaining of taxpayer assistance limited to instructions on treatment and physical location in the return by Oklahoma Tax Commission during office hours, for taxpayers who may want to fill out their own returns, is not prohibited by O.S.L. 1968, ch. 401, Sections 1-14 (74 O.S. 1401 [74-1401] to 74 O.S. 1414 [74-1414] (1968)). In answer to your second question we call your attention to Section 2 of the aforesaid statutes, which provides: "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and employees from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." Subsections (e) and (f) of Section 4, supra, apply to the facts which you present in question two. A state employee acting in the dual capacity as a tax auditor as well as a private tax consultant for hire is comparable to an attorney acting as both an advocate and a judge on the same case. This is obviously the relationship which the Legislature intended to prohibit. We do not intend to imply that such an employee is dishonest. The Legislature not only intended this Act to protect the public from the biased employee from undue criticism arising from an "appearance of evil". It is therefore the opinion of the Attorney General that an employee of the Oklahoma Tax Commission, who regularly holds a position as auditor of taxpayer returns is prohibited from accepting employment or compensation for preparing, aiding, or acting as consultant to a taxpayer in the preparation of his state tax returns. (Dale F. Crowder) (Ed. Note: Conflict of interest, state employee)